Dear Senator Dirck:
This opinion is in response to your question asking:
 May a board of directors established under Section 205.970, RSMo 1986, to whom is expended transportation sales tax monies pursuant to subsection 5 of Section 94.645, RSMo 1986, restrict the use of those monies to pay transportation costs only for those developmentally disabled individuals attending the regional center who are residents of the county or the city which appointed the board of directors? For example, can the board of directors appointed by the City of St. Louis refuse to spend any of this money on transportation costs for those individuals who attend the regional center but who are residents of St. Louis County?
Sections 94.600 to 94.655, RSMo 1986, provide that Kansas City, the City of St. Louis, and St. Louis County may impose a sales tax for purposes enumerated in those statutes. Section94.645 provides for the allowable uses of these monies once received by the local jurisdiction. Subsection 5 of that section provides:
 5. Any provisions of sections 94.600
to 94.655 to the contrary notwithstanding, not less than two percent of the proceeds of any sales tax imposed by any city not within a county and any county of the first class having a charter form of government and not containing any part of a city with a population of at least three hundred thousand inhabitants under sections 94.600
to 94.655 that are appropriated and paid by a city or county to an interstate transportation authority shall be expended to sheltered workshop or residence facility, boards of directors established pursuant to section 205.970, RSMo, to pay costs of transportation, above the level of expenditures for such costs during the fiscal year of the board immediately preceding January 1, 1984, to and from sheltered or presheltered employment of developmentally disabled clients of the regional center for the developmentally disabled serving the area where the tax is imposed, and shall be expended only for the purpose of transporting persons who are developmentally disabled and require nonpublic transportation and who are residents of the city not within a county, or of the adjacent county of the first class having a charter form of government and which does not contain any part of a city with a population of at least three hundred fifty thousand inhabitants. As used in this subsection, "developmentally disabled clients" means persons served by the regional center who have a developmental disability as defined in section 630.005, RSMo.
(Emphasis added.)
The City of St. Louis and St. Louis County are the only jurisdictions which meet the classifications of taxing authorities in subsection 5. There is only one regional center for the developmentally disabled which serves the area which includes as a part thereof the City of St. Louis and St. Louis County. Section 205.970, RSMo 1986, provides for the establishment of the board of directors referred to in subsection 5 of Section 94.645. The governing authority of any county or the City of St. Louis may appoint a board of directors. The City of St. Louis and St. Louis County both have such boards. The boards govern sheltered workshops, residence facilities, or related services, or any combination of such for the care or employment, or both, of handicapped persons. Section 205.968.1, RSMo 1986.
Subsection 5 sets forth four factors to determine whose transportation costs must be paid by the boards of directors: (1) the person transported must be a developmentally disabled client of the regional center for the developmentally disabled which services the area where the tax is imposed; (2) the transportation must be to or from that client's sheltered or presheltered employment; (3) the client must require non-public transportation; and (4) the client must reside in the City of St. Louis or in St. Louis County. The wording of subsection 5 is such that a board of directors, regardless of whether it is in the City or in St. Louis County, must use the tax money to pay the transportation costs of persons meeting those four requirements. The statute contains no provision prohibiting the city or the county board paying the transportation costs of clients who reside in the other jurisdiction. The description of those to benefit from the tax revenues, which description is provided at the end of the first sentence of subsection 5, is set forth as applying to revenues from the transportation "sales tax imposed by any city not within a county and any county of the first class [St. Louis County] . . . ." [emphasis added]. Therefore, the disjunctive setting forth the fourth factor ("who are residents of the city not within a county, or of the adjacent county of the first class [St. Louis County] . . . .") means that both the city and the county boards must pay transportation costs regardless of whether the client is a resident of the City or of St. Louis County.
The fact that these boards of directors usually confine their activities to those clients residing in their respective jurisdictions was taken into account by the legislature. In the year after the legislature amended Section 94.645 to add subsection 5, the legislature amended subsection 7 of Section205.970 to add the following underlined provision:
 7. The board may accept any gift or property or money for the use and benefit of the facility, and the board is authorized to sell or exchange any such property which it believes would be to the benefit of the facility so long as the proceeds are used exclusively for facility purposes. The board shall have exclusive control of all gifts, property or money it may accept; of all interest or other proceeds which may accrue from the investment of such gifts or money or from the sale of such property; of all tax revenues collected by the county on behalf of the facilities or services; and of all other funds granted, appropriated, or loaned to it by the federal government, the state, or its political subdivisions so long as these resources are used solely to benefit the facility or related services except those paid for transportation purposes under the provisions of section 94.645. Laws of Missouri, 1984, pp. 512 to 513.
(Emphasis added.)
When the legislature provided in subsection 7 that a board of directors would have exclusive control over the money and property which it might receive "so long as these resources are used solely to benefit the facility or related services," it then specifically exempted from this restriction the monies that a board of directors might receive to pay for the cost of transportation under Section 94.645. How those monies are used is controlled by subsection 5 of Section 94.645. Those monies, according to subsection 5, are to benefit those clients residing in either the City of St. Louis or St. Louis County and their use cannot be restricted according to the client's place of residence except insofar as the client must be from either the city or the county and that the jurisdiction in which they reside be one which has imposed the transportation sales tax. As an example, the board of directors in the City of St. Louis cannot restrict these sales tax revenues to the paying of the cost of transportation only for those clients who reside in the City of St. Louis.
The legislature made no provision for a formula or mechanism to decide when the monies expended to one of the boards be used to pay for transportation costs of a client residing in the jurisdiction of the other board. Apparently this was to be left to the two boards of directors to decide through good faith negotiations between the boards to carry out the statutory objective of using the sales tax monies to benefit the developmentally disabled clients in St. Louis City and St. Louis County regardless of which of the two jurisdictions they reside in.
CONCLUSION
Therefore, it is the opinion of this office that transportation sales tax monies distributed under Section94.645.5, RSMo 1986, and which are expended to the boards of directors established in the City of St. Louis and in St. Louis County under Section 205.970, RSMo 1986, must be used to pay the transportation costs of those clients designated in subsection 5 of Section 94.645, RSMo 1986, regardless of whether those clients reside in the City of St. Louis or in St. Louis County.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General